Bassil A. Hamideh (SBN 261233)
THE HAMIDEH FIRM, P.C.
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: (310) 556-9687
Facsimile: (310) 733-5699
Email:bhamideh@hamidehfirm.com

Thomas J. Lloyd III, *Admitted Pro Hac Vice*
KC Hovda, *Admitted Pro Hac Vice*
ELAM & BURKE, P.A.
P.O. Box 1539
Boise, ID 83701
Telephone: (208) 343-5454
Facsimile: (208) 384-5844
E-mail: tjl@elamburke.com
        klh@elamburke.com

*Attorneys for Plaintiff Seal4Safti, Inc.*

R. Joseph Trojan CA Bar No. 137,067
trojan@trojanlawoffices.com
Dylan C. Dang CA Bar No. 223,455
dang@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: 310-777-8399
Facsimile: 310-691-1086

*Attorneys for Defendant*
*California Expanded Metal Products Co.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Seal4Safti, Inc., a Washington corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>California Expanded Metal Products Co. (CEMCO), a California corporation,<br><br>    Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:20-cv-10409 – MCS – JEM<br><br>STIPULATED PROTECTIVE ORDER<br><br>[Assigned to the Honorable Mark C. Scarsi] |

## I. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section XIII(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II. GOOD CAUSE STATEMENT

This action is likely to involve valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research,

development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## III.  DEFINITIONS

A.     <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of information or items under this Order.

B.     <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

C.     "HIGHLY   CONFIDENTIAL  –  ATTORNEYS'  EYES   ONLY"
Information or Items:     Extremely sensitive "Confidential Information or Items," that contains sensitive financial, technical, research and development, business strategy, or competitive information that the designating party believes in good faith could cause it to suffer competitive harm if known by the entities and persons who would otherwise have access under this Order to confidential material that has been designated "CONFIDENTIAL."

D.     Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

E.     Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

F.     Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

G.     Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

H.  House Counsel:  Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

I.  Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

J.  Outside Counsel of Record:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

K.  Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

L.  Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

M.  Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

N.  Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

O.    Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

## IV.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

## V.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VI.   DESIGNATING PROTECTED MATERIAL

**A.      Exercise of Restraint and Care in Designating Material for Protection**

1.      Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2.      Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

3.      If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

## B. Manner and Timing of Designations

1.     Except as otherwise provided in this Order (*see, e.g.*, Section B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2.     Designation in conformity with this Order requires the following:

a.     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or a substantially similar legend), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  To the extent documents are produced in native format, it shall be sufficient for the Producing Party to either include the terms "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in the file name for the document and/or to include an associated placeholder document bearing the terms  "CONFIDENTIAL"  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or a substantially similar legend).

b.     A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."   After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  To the extent documents are produced in native format, it shall be sufficient for the Producing Party to either include the terms "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in the file name for the document and/or to include an associated placeholder document bearing the terms "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or a substantially similar legend).

c.     For testimony given in depositions, the Designating Party shall identify on the record, before the close of the deposition, all protected testimony

and specify the level of protection being asserted. Alternatively, the Designating Party may identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted within 15 days following receipt of the reporter's transcript of the deposition (or longer if agreed to by the Parties).

Only those portions of the testimony that are appropriately designated for protection within the 15 days (or longer if agreed to by the Parties) shall be covered by the provisions of this Order. A Designating Party may specify, at the deposition or within 15 days of receipt of the reporter's transcript (or longer if agreed to by the Parties) that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the extent such a designation is consistent with the other terms of this stipulation. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY." Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 15- day period for designation shall be treated during that period as if it had been designated

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

    d. For information produced in form other than document and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

## C. Inadvertent Failure to Designate

  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII. CHALLENGING CONFIDENTIALITY DESIGNATIONS

## A. Timing of Challenges

  Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

### B.    Meet and Confer

The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.    See Local Rule 37-1.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.

The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within ten (10) days of the date of service of the written notice requesting the conference.  See Local Rule 37-1.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and to explain the basis for the chosen designation if no change in designation is offered.

A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

### B.    Judicial Intervention

If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file and serve a motion to challenge the confidentiality designation pursuant to the procedures set forth in Local Rule 37-2.  The burden of

persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VIII.  ACCESS TO AND USE OF PROTECTED MATERIAL

### A.    Basic Principles

1.    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section XV below.

2.    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**B.     Disclosure of "CONFIDENTIAL" Information or Items**

1.     Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.     The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.     The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c.     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d.     The Court and its personnel;

e.     Court reporters and their staff;

f.     Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

g.     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h.     During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound;" and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

i.     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**C.     Disclosure of "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" Information or Items**

1.     Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY"only to:

a.     The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

c.       Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d.       The Court and its personnel;

e.       Court reporters and their staff;

f.       Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

g.       The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and,

i.       Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## IX.  PROTECTED  MATERIAL  SUBPOENAED  OR  ORDERED PRODUCED IN OTHER LITIGATION

A.       If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY," that Party must:

1.    Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

2.    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

3.    Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B.    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY," before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## X.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A.    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     Promptly notify the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party by sending written notice;

2.     Promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     Make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the

confidentiality agreement with the Non-Party before a determination by the Court.

Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## XI. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

## XII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent disclosure of Privileged Material shall not constitute a waiver of any privilege or other protection if the Producing Party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error in the event of an inadvertent disclosure. The Producing Party will be deemed to have taken reasonable steps to

prevent Privileged Material from inadvertent disclosure if that party utilized techniques such as but not limited to, attorney screening, keyword search term screening, advanced analytical software applications and/or linguistic tools in screening for privilege, work product, or other protection.

In the event of the inadvertent disclosure of Privileged Material, the Producing Party shall be deemed to have taken reasonable steps to rectify the error of the disclosure if, within 30 days from the date that the inadvertent disclosure was discovered or brought to the attention of the Producing Party, the Producing Party notifies the Receiving Party of the inadvertent disclosure and instructs the Receiving Party to promptly sequester, return, delete, or destroy all copies of the inadvertently produced Privileged Material (including any and all work product containing such Privileged Material). Upon receiving such a request from the Producing Party, the Receiving Party shall promptly sequester, return, delete, or destroy all copies of such inadvertently produced Privileged Material (including any and all work product containing such Privileged Material), and shall make no further use of such Privileged Material (or work product containing such Privileged Material).

The Receiving Party also has an ethical obligation to notify the Producing Party if it receives communications, documents, or information that obviously appear to constitute Privileged Material.

## XIII. MISCELLANEOUS

### A. Right to Further Relief

1. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

### B. Right to Assert Other Objections

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

### C. Filing Protected Material

A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## XIV. PRIVILEGE LOG

To the extent that the Parties produce privilege logs for materials withheld for attorney-client privilege or pursuant to the work product doctrine (or other privileges or doctrines), the format and content shall be as follows, absent further

Court order:  The privilege log shall contain names extracted from the topmost e-mail message or  document (To, From, CC, BCC), the date of the topmost e-mail or document, and the basis for the assertion of a privilege or other protection.  The Producing Party shall create a single log entry for each e-mail chain or string.  A Producing Party's logging of the topmost e-mail shall be deemed to assert protection for all of the Privileged Material in an e-mail string or chain, including multiple redactions or multiple segments.

Attorney-client privileged communications and attorney work product created by or on behalf of Counsel for the Parties after the initiation of and/or as part of their representation in this action need not be included in any privilege log.

## XV.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section V, above, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.   Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations,

summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section V, above.

## XV. ENFORCEMENT

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

////

Respectfully submitted,

ELAM & BURKE, P.A;
THE HAMIDEH FIRM, P.C.

DATED: May __20__, 2021          By: _____/s/ Thomas J. Lloyd_____
                                        Thomas J. Lloyd III

                                 Attorneys for Plaintiff Seal4Safti, Inc.

                                 TROJAN LAW OFFICES

DATED: May __20__, 2021          By: _____/s/ R. Joseph Trojan_____
                                        R. Joseph Trojan
                                 Attorneys for Defendant
                                 California Expanded Metal Products Co.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: 5/20/21_____          _____
                                       HONORABLE John E. McDermott
                                       United States Magistrate Judge

---

STIPULATED PROTECTIVE ORDER

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order that was issue by

the United States District Court for the Central District of California on May __, 2021

in the case of *Seal4Safti, Inc. vs. CEMCO* (Case No. Case No. 2:20-cv-10409 – MCS

– JEM). I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject

to this Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [print or

type full name] of _____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

1  Date: _____

2  City and State where sworn and signed: _____

3

4  Printed Name: _____

5  Signature: _____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ORDER

GOOD CAUSE APPEARING, the Court hereby approves and enters this Stipulated Protective Order.

IT IS SO ORDERED.

Dated this 20th day of March, 2021

_____
United States Magistrate Judge

4830-8156-9001, v. 3