Bassil A. Hamideh (SBN 261233)
THE HAMIDEH FIRM, P.C.
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone:  (310) 556-9687
Facsimile:  (310) 733-5699
Email:  bhamideh@hamidehfirm.com

Thomas J. Lloyd III, *Admitted Pro Hac Vice*
Molly A. Hage, *Admitted Pro Hac Vice*
ELAM & BURKE, P.A.
P.O. Box 1539
Boise, ID 83701
Telephone:  (208) 343-5454
Facsimile:  (208) 384-5844
E-mail:  tjl@elamburke.com
        mah@elamburke.com

*Attorneys for Plaintiff Seal4Safti, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Seal4Safti, Inc., a Washington corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>California Expanded Metal Products Co. (CEMCO), a California corporation,<br><br>    Defendant. | Case No. 2:20-cv-10409 – MCS – JEM<br><br>**PLAINTIFF SEAL4SAFTI, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Date:  April 18, 2022<br>Time: 2:00 p.m.<br>Place: Courtroom 7C<br><br>[Assigned to the Honorable Mark C. Scarsi] |

s

## **<u>TABLE OF CONTENTS</u>**

I.  CLAIMS AND DEFENSES ................................................................. 1

    A.  Summary of Plaintiff S4S's Claims: ........................................ 2
    B.  Summary of Defendant CEMCO's Claims ............................. 7
    C.  Summary of S4S's Defenses to CEMCO's Claims ............... 11
    D.  Identification of Anticipated Evidentiary Issues .................. 14
    E.  Identification of Issues of Law ............................................. 14

II.  BIFURCATION OF ISSUES ......................................................... 16

III. JURY TRIAL ................................................................................. 16

IV. ATTORNEYS' FEES ..................................................................... 16

V.  ABANDONMENT OF ISSUES ..................................................... 17

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

# TABLE OF AUTHORITIES

Cases

*Ariad Pharms., Inc. v. Eli Lilly and Co.*, 598 F.3d 1336 (Fed. Cir. 2010)................3

*Brandywine Communications Technologies, LLC v. Cisco Systems, Inc.*, 2012 WL 5504036, *1-*3 (N.D. Cal. 2012) .............................................................................9

*Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 135 S. Ct. 1920, 191 L. Ed. 2d 883 (2015)...........................................................................................................11

*CopyTele, Inc. v. E Ink Holdings, Inc.*, 962 F. Supp. 2d 1130 (N.D. Cal. 2013).....12

*Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370 (Fed. Cir. 2003)........................8

*E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co.*, 849 F.2d 1430 , 7 USPQ2d 1129 (Fed.Cir.1988) ...............................................................................8

*Georgia–Pacific Corp. v. U.S. Plywood Corp.*, 318 F.Supp. 1116 (S.D.N.Y.1970) .9

*Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778 (9th Cir. 2001) ..................4

*Hebert v. Lisle Corp.*, 99 F.3d 1109 (Fed. Cir. 1996) ...............................8, 11, 12, 13

*KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398 (2007) ..................................................6

*Liebel-Flarsheim Co. v. Medrad, Inc.*, 481 F.3d 1371 (Fed. Cir. 2007)..................6

*Lucent Techs., Inc. v. Gateway*, Inc., 580 F.3d 1301 (Fed. Cir. 2009) .................8, 9

*Martin v. Mayer*, 823 F.2d 500 (Fed.Cir.1987)........................................................3

*Minerva Surgical, Inc. v. Hologic, Inc.*, 141 S. Ct. 2298 (2021) ......................11, 15

*Net Money Inc. v. VeriSign Inc.*, 545 F.3d 1359 (Fed. Cir. 2008)............................6

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 134 S. Ct. 1749, 188 L. Ed. 2d 816 (2014)...........................................................................17

*Pandrol USA, LP v. Airboss Ry. Products, Inc.*, 424 F.3d 1161 (Fed. Cir. 2005).....6

*PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1305 (Fed. Cir. 2008) ......3

*Purdue Pharma L.P. v. Faulding Inc.*, 230 F.3d 1320 (Fed. Cir. 2000) .................16

*Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597 (9th Cir.1996).........4, 5

*Russell v. Rolfs*, 893 F.2d 1033 (9th Cir.1990) ........................................................4

*Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2012 WL 1596722, at *1 (E.D.N.C. May 7, 2012)..............................................................................10

*SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 859 F.2d 878 (Fed. Cir. 1988)3

*State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573 (Fed. Cir. 1989) ..............8

*Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011)...5, 12

*TWM Mfg. Co. v. Dura Corp.*, 789 F.2d 895 (Fed.Cir.1986)....................................8

*U.S. Philips Corp. v. Int'l Trade Comm'n*, 424 F.3d 1179 (Fed.Cir.2005) .............13

*Ulead Sys., Inc. v. Lex Computer & Mgmt. Corp.*, 351 F.3d 1139 (Fed. Cir. 2003)16

*Veritas Operating Corp. v. Microsoft Corp.*, 562 F. Supp. 2d 1141 (W.D. Wash. 2008) .....................................................................................................................3

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

<u>Statutes</u>

35 U.S.C. § 101 ................................................................................................ 13
35 U.S.C. § 102 ........................................................................................... 6, 13
35 U.S.C. § 103 ........................................................................................... 6, 13
35 U.S.C. § 103 (a) ............................................................................................ 6
35 U.S.C. § 112 ........................................................................... 3, 4, 13, 16
35 U.S.C. § 282 ................................................................................................. 6
35 U.S.C. § 285 ............................................................................................... 16
35 U.S.C. § 288 ............................................................................................... 14

<u>Other Authorities</u>

37 CFR 1.56 (a) .................................................................................................. 5
37 CFR 1.56 (b)(2) ............................................................................................. 5
*Patent Damages Law & Practice* § 3:4, at 3–9 to 3–10 (2008) ............................... 8

<u>Rules</u>

Federal Rule of Civil Procedure 16 ................................................................... 1
Federal Rule of Civil Procedure 26(a) ................................................... 9, 10, 13
Federal Rule of Civil Procedure 26(a)(1)(A)(iii) ............................................. 10
Federal Rule of Civil Procedure 26(a)(2) ........................................................ 13
Federal Rule of Civil Procedure 26(e) ............................................................. 10
Federal Rule of Civil Procedure 37(c) ............................................................. 10
Local Rule 16-4 ................................................................................................. 1

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16-4, Plaintiff Seal4Safti, Inc. ("S4S") hereby submits the following Memorandum of Contentions of Fact and law, addressing the issues to be decided at the trial of this matter, scheduled to begin on May 3, 2022.

## I. CLAIMS AND DEFENSES

This is a patent validity and infringement action concerning five (5) patents currently owned by Defendant California Expanded Metal Products Company ("CEMCO"). Four of the patents-in-suit were originally issued to James Klein as the named inventor: U.S. Patent Nos. 7,681,365 ("the '365 patent"), 7,814,718 ("the '718 patent), 8,136,314 ("the '314 patent"), and 8,151,526 ("the '526 patent") (collectively, the "Klein Patents"). The Klein Patents are all related: the '365 Patent is the "parent" patent of the '314, '718, and '526 patents. CEMCO is also the owner of U.S. Patent No. 10,406,389 ("the '389 patent"), which is the fifth patent-in-suit and which is not related to the Klein Patent family. [1]

The accused products at issue in this case are known as S4S's "Fire Rated Gasket" ("FRG") products. FRG is a composite firestopping device used primarily in commercial construction to reduce, slow, and/or prevent the spread of fire from one room to the next. The FRG products are designed to be affixed to a variety of building framing products, including bottom of wall tracks, head of wall tracks, joints, and wherever else an opening might allow the transference of smoke and fire. The composite FRG products include what is known in the industry as an "intumescent strip," *i.e.* a strip of material that expands when exposed to heat. Once expanded, the integrity of the intumescent strip has a limited lifespan, as it eventually degrades in the presence of extreme heat and fire. The use of an intumescent strip, alone, affixed directly to the surface of a head of wall framing component, is what is taught by the Klein Patents.

---

[1] The Klein Patents and the '389 Patent are, collectively, the "Patents-in-Suit."

However, in addition to the intumescent strip, the composite FRG products include a separate layer of foam material adhered to the intumescent strip using an adhesive, which removes the intumescent strip from the surface of the framing component and, thereby, slows the transference of heat into the intumescent strip. Consequently, the expansion of the intumescent material is delayed and, thus, the integrity of the FRG product remains intact for a longer duration, creating greater life-safety protections that allow for better containment of the spread of fire and otherwise increasing the amount of time for individuals to escape to safety.

The operative pleadings set forth the following claims and counterclaims:

**A. Summary of Plaintiff S4S's Claims:**

<u>Claim 1: Declaration of Noninfringement (All Patents-in-Suit)</u>

*Summary:* S4S contends that its composite FRG products do not infringe any of the Patents-in-Suit. With respect to the Klein Patents, S4S contends that its FRG products do not infringe any of the claims of those Patents, as the FRG products are composite products that include elements not present in the Klein Patents, which elements render infringement of any claim of the Klein Patents impossible.

With respect to the Klein Patents and the '389 Patent, S4S contends that its FRG products do not infringe any claim of those patents, as the written description for each of those patents does not teach a "stacked" configuration of a foam material portion and an intumescent strip portion, as is present in the FRG products. With regard to the Klein Patents, there is no description whatsoever that includes a foam material portion or layer. With regard to the '389 Patent, the configuration of the foam material portion and the intumescent strip portion is taught only in either a side-by-side configuration or a perpendicular (L-shaped) configuration, neither of which is practiced by S4S's FRG products.

*Elements:*

- Infringement (generally) - The determination of patent infringement involves a two-step process: "The claimed invention must first be defined, a legal

2

question of claim interpretation. Second, the trier of fact must determine whether the claims, as properly interpreted, cover the accused device or process." *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 859 F.2d 878, 889 (Fed. Cir. 1988) (*cited in Veritas Operating Corp. v. Microsoft Corp.*, 562 F. Supp. 2d 1141, 1154 (W.D. Wash. 2008)).

- Written Description (35 U.S.C. § 112) - "[T]he written description requirement is 'not a question of whether one skilled in the art *might* be able to construct the patentee's device from the teachings of the disclosure. . . . Rather, it is a question whether the application necessarily discloses that particular device." *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1305 (Fed. Cir. 2008) (quoting *Martin v. Mayer*, 823 F.2d 500, 505 (Fed.Cir.1987)) (emphasis in original). "[T]he analysis compares the claims with the invention disclosed in the specification, and if the claimed invention does not appear in the specification, . . . the claim . . . fails regardless whether one of skill in the art could make or use the claimed invention." *Ariad Pharms., Inc. v. Eli Lilly and Co.*, 598 F.3d 1336, 1348 (Fed. Cir. 2010). "Claims define and circumscribe, the written description discloses and teaches." *Id.* at 1347

*Key Evidence:* S4S will introduce the following categories of evidence establishing that its FRG products do not infringe the Patents-in-Suit:

- Patents-in-Suit
- Evidence regarding the accused products
- Evidence regarding the understanding of the term "intumescent strip" according to persons of ordinary skill in the art of the relevant technology at the time of the issuance of the patents-in-suit

Claim 2: Declaration of Unenforceability (All Patents-in-Suit)

*Summary:* S4S contends that all of the Patents-in-Suit are unenforceable against it. With respect to the Klein Patents, S4S contends that CEMCO is judicially estopped from attempting to enforce the Klein Patents against S4S, as CEMCO took

3

1   the position in prior litigation against the Patents' inventor, Mr. Klein, that the Klein

2   Patents are invalid and ultimately obtained a beneficial resolution of that litigation,

3   in part because of its arguments on invalidity.

4       With respect to the '389 Patent, S4S contends that CEMCO cannot enforce

5   that patent against S4S because CEMCO is guilty of inequitable conduct in taking

6   conflicting positions regarding the patentability of the invention allegedly taught by

7   the '389 Patent and the scope of the Klein Patents asserted by CEMCO in prior

8   litigation.[2] In addition, to the extent that CEMCO contends that the '389 Patent

9   teaches a "stacked" configuration of a foam material portion and an intumescent strip

10   portion, S4S contends that such an interpretation of the '389 Patent is not supported

11   by the written description requirement of 35 U.S.C. § 112 and is, therefore, not an

12   enforceable interpretation of the '389 Patent.

13       *Elements:*

14       • Judicial Estoppel - "Judicial estoppel is an equitable doctrine that

15   precludes a party from gaining an advantage by asserting one position, and then later

16   seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State*

17   *Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (citing *Rissetto v. Plumbers*

18   *& Steamfitters Local 343*, 94 F.3d 597, 600–601 (9th Cir.1996); *Russell v. Rolfs*, 893

19   F.2d 1033, 1037 (9th Cir.1990)). The doctrine is invoked to ensure "'general

20   consideration[s] of the orderly administration of justice and regard for the dignity of

21   judicial proceedings,' and to 'protect against a litigant playing fast and loose with the

22   courts.'" *Id*. "The application of judicial estoppel is not limited to bar the assertion

23   of inconsistent positions in the same litigation but is also appropriate to bar litigants

24   from making incompatible statements in two different cases." *Id*. Moreover, the

25

26   [2] It is notable that CEMCO's positions are inherently incompatible: If S4S's FRG

27   products were taught by the Klein Patents, then the '389 Patent cannot possibly teach

   the same invention and also be valid – clearly, the Klein Patents would be prior art

28   to whatever claims in the '389 Patent CEMCO alleges disclose the same configuration of foam and intumescent.

4

"advantage" or favorable outcome of the prior litigation need not be in the form of a judgment. On "the question [of] whether obtaining a favorable settlement is equivalent to winning a judgment for purposes of applying judicial estoppel," the Ninth Circuit has "answered in the affirmative." *Rissetto*, 94 F.3d at 604-605.

- Inequitable Conduct - "Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011). To prevail on a claim of inequitable conduct, the moving party must prove by clear and convincing evidence that the patentee: (1) "acted with the specific intent to deceive the PTO" and (2) made a material misrepresentation or omission. *Id.* at 1290. "Because direct evidence of deceptive intent is rare, a district court may infer intent from indirect and circumstantial evidence." *Id.* The but-for standard for materiality is satisfied if the preponderance of the evidence shows that "the PTO would not have allowed a claim had it been aware" of the information. *Id.* "Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the [PTO], which includes a duty to disclose to the [PTO] all information known to that individual to be material to patentability . . . ." 37 CFR 1.56 (a). Information is material to patentability and must be disclosed when it "refutes, or is inconsistent with . . . a position the applicant takes in opposing an argument of unpatentability relied on by" the PTO or "an argument of patentability" asserted by the patentee. 37 CFR 1.56 (b)(2).

*Key Evidence:* S4S will introduce the following categories of evidence establishing the unenforceability of the Patents-in-Suit:

- Evidence regarding the prior invalidity contentions asserted by CEMCO with respect to the Klein Patents
- Evidence regarding the success obtained by CEMCO in prior litigation with respect to its contentions that the Klein Patents are invalid (including settlement terms)

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

- Evidence regarding CEMCO's representations to the U.S. Patent and Trademark Office in the prosecution of the '389 Patent
- Evidence of conflicting representations made by CEMCO to the U.S. District Court for the Western District of Washington regarding existing patents simultaneous with the prosecution of the '389 Patent.

<u>Claim 3: Declaration of Invalidity (All Patents-in-Suit)</u>

Summary: S4S contends that the Patents-in-Suit are all invalid. With respect to the Klein Patents, as was previously argued by CEMCO in prior litigation, S4S contends that those patents were obvious and anticipated by prior art in existence in the industry at the time of the issuance of those patents.

*Elements:* A patent is presumed valid under 35 U.S.C. § 282, but that presumption can be overcome with clear and convincing evidence of obviousness under 35 U.S.C. § 103 or of anticipation under 35 U.S.C. § 102. *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 426 (2007). Whether a patent should be invalidated for obviousness and/or anticipation is a question of law based on underlying facts. *See Pandrol USA, LP v. Airboss Ry. Products, Inc.*, 424 F.3d 1161, 1164 (Fed. Cir. 2005); *Liebel-Flarsheim Co. v. Medrad, Inc.*, 481 F.3d 1371, 1377 (Fed. Cir. 2007).

Under 35 U.S.C. § 103, a claimed invention is unpatentable "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art…" 35 U.S.C. § 103 (a). An obviousness analysis includes four underlying inquiries (*i.e.* the "*Graham* factors"): (1) the scope and content of the prior art; (2) the differences between the claims and the prior art; (3) the level of ordinary skill in the pertinent art; and (4) secondary considerations, if any, of non-obviousness. *KSR,* 550 U.S. at 406–07.

Similarly, a patent claim is anticipated under the provisions of 35 U.S.C. § 102 when a single prior art reference discloses every element in the claim, either explicitly or inherently. *Net Money Inc. v. VeriSign Inc.*, 545 F.3d 1359, 1371 (Fed. Cir. 2008).

6

Case 2:20-cv-10409-MCS-JEM    Document 125    Filed 03/28/22    Page 11 of 21    Page ID
#:8351
Case 2:20-cv-10409-MCS-JEM    Document 119-1    Filed 03/28/22    Page 12 of 22    Page ID
#:7997

1    *Key Evidence:* S4S will introduce the following categories of evidence
2    establishing the invalidity of the Patents-in-Suit:

3    • Prior Art to the Klein Patents

4    • Prior Art to the '389 Patent

5    • Expert Report of James William Jones, Ph.D., CEMCO's expert on
6        invalidity in its 2012 litigation against James Klein

7    • Evidence establishing that the Patents-in-Suit were obvious or would
8        have been anticipated by patented technology pre-dating the
9        applications for the Patents-in-Suit

10    **B. Summary of Defendant CEMCO's Claims**

11    Defendant CEMCO's claims are set forth in its Amended Answer and
12    Counterclaim (ECF No. 47), and are as follows:

13    Counterclaim 1: Infringement of the '365 Patent

14    Counterclaim 2: Infringement of the '718 Patent

15    Counterclaim 4: Infringement of the '314 Patent

16    Counterclaim 5: Infringement of the '526 Patent

17    Counterclaim 6: Infringement of the '389 Patent

18    *Summary:* CEMCO alleges that S4S's FRG products infringe the above-
19    referenced patents and that such infringement was willful and intentional. To date,
20    CEMCO has maintained that the FRG products infringe upon each and every claim
21    of every one of these patents.

22    *Elements:*

23    • Infringement - The elements of CEMCO's claim for infringement are
24        the same as the elements of S4S's declaratory claim for noninfringement, set forth
25        above.

26    • Willfulness - "To establish willful infringement, a plaintiff must prove
27    by clear and convincing evidence that the defendant acted with no reasonable basis
28    for believing it had the right to do so." *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883

1  F.2d 1573, 1581 (Fed. Cir. 1989) (citing *E.I. DuPont de Nemours & Co. v. Phillips*

2  *Petroleum Co.*, 849 F.2d 1430, 1440, 7 USPQ2d 1129, 1137 (Fed.Cir.1988)).

3       • Damages – "The burden of proving damages falls on the patentee."

4  *Lucent Techs., Inc. v. Gateway*, Inc., 580 F.3d 1301, 1324 (Fed. Cir. 2009) (citing

5  *Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1381 (Fed. Cir. 2003)). "Two

6  alternative categories of infringement compensation are the patentee's lost profits

7  and the reasonable royalty he would have received through arms-length bargaining."

8  *Id*. "When the patentee does not seek to make and sell the invention, lost profits are

9  not an appropriate measure of damages." *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1119

10 (Fed. Cir. 1996). Regarding royalties, a patentee has two available approaches to

11 calculate a reasonable royalty:

12     The first, the analytical method, focuses on the infringer's

13     projections of profit for the infringing product. *See TWM Mfg.*

14     *Co. v. Dura Corp.*, 789 F.2d 895, 899 (Fed.Cir.1986) (describing

15     the analytical method as "subtract[ing] the infringer's usual or

16     acceptable net profit from its anticipated net profit realized from

17     sales of infringing devices"); *see also* John Skenyon et al., *Patent*

18     *Damages Law & Practice* § 3:4, at 3–9 to 3–10 (2008)

19     (describing the analytical method as "calculating damages based

20     on the infringer's own internal profit projections for the

21     infringing item at the time the infringement began, and then

22     apportioning the projected profits between the patent owner and

23     the infringer"). The second, more common approach, called the

24     hypothetical negotiation or the "willing licensor-willing

25     licensee" approach, attempts to ascertain the royalty upon which

26     the parties would have agreed had they successfully negotiated

27     an agreement just before infringement began. *See Georgia–*

28

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Case 2:20-cv-10409-MCS-JEM   Document 125   Filed 03/28/22   Page 13 of 21   Page ID
#:8353
Case 2:20-cv-10409-MCS-JEM   Document 119-1   Filed 03/28/22   Page 14 of 22   Page ID
#:7999

1      *Pacific Corp. v. U.S. Plywood Corp.*, 318 F.Supp. 1116, 1120

2      (S.D.N.Y.1970).

3  *Lucent Techs., Inc.*, 580 F.3d at 1324.

4      *Key Evidence in Opposition:* S4S intends to rely on the following evidence to

5  oppose each Counterclaim:

6      • Infringement: S4S's evidence of noninfringement is the same as the

7  evidence S4S intends to introduce in support of its claim for a declaratory judgment

8  of noninfringement.

9      • Willfulness: S4S intends to present evidence of its reasonable belief that

10  the Patents-in-Suit were all invalid, including but not limited to CEMCO's previous

11  successful position litigating the invalidity of the Klein Patents in prior litigation

12  against James Klein.

13      • Damages: S4S maintains that CEMCO is unable to meet its burden of

14  proof to prove the amount of damages that it allegedly suffered as a consequence of

15  S4S's alleged infringement. CEMCO failed to identify any expert, or otherwise

16  produce any calculation of damages, in accordance with its obligation under Fed. R.

17  Civ. Pro. 26(a).[3] *See Brandywine Communications Technologies, LLC v. Cisco*

18  *Systems, Inc.*, 2012 WL 5504036, *1-*3 (N.D. Cal. 2012) (a patentee must present

19  sufficiently detailed contentions regarding the damages it seeks in terms of lost

20

21  [3] S4S previously raised this argument on Summary Judgment, but the Court

22  dismissed S4S's argument as unfounded on the basis that "CEMCO has made a
damages disclosure." (ECF No. 109, p. 24.) Respectfully, S4S posits that the Court's

23  analysis was mistaken due to confusion caused by CEMCO's persistent efforts to
blend this litigation with its prior litigation against James Klein in the Western

24  District of Washington. The damages calculation that the Court relied upon on
summary judgment, the Expert Report of Minh P. Doan (ECF No. 108-3), was an

25  expert report drafted by an expert disclosed by CEMCO in the Washington litigation
not involving S4S, and in fact pre-dating S4S's existence. (ECF No. 108-3 at p. 1.)

26  Ms. Doan has never been disclosed as an expert in *this* litigation, nor has CEMCO

27  provided any analysis of alleged damages (authored by Ms. Doan or otherwise) in

28  *this* litigation.

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

profits or a reasonable royalty to "the best it can on pain of preclusion" in its Rule 26(a) initial disclosures). A party's Rule 26(a)(1)(A)(iii) disclosure "must state the types of damages that the party seeks, must contain a specific computation of each category, and must include documents to support the computations." *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2012 WL 1596722, at *1 (E.D.N.C. May 7, 2012). Pursuant to Fed. R. Civ. P. 37(c), when a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." CEMCO cannot claim lost profits in this action,

(*See* ECF No. 108-3 at p. 89.) CEMCO has not produced any evidence or expert testimony to prove that any equal or different royalty rate would be appropriate here, nor what the calculation of damages would be under such an undisclosed royalty rate.

<u>Ninth Defense – Assignor Estoppel</u>

*Summary:* As on summary judgment, CEMCO asserts that S4S ought to be estopped from arguing that the Klein Patents are invalid, according to the doctrine of assignor estoppel.

*Elements:*

> Assignor estoppel should apply only when its underlying principle of fair dealing comes into play. That principle . . . demands consistency in representations about a patent's validity: What creates the unfairness is contradiction. When an assignor warrants that a patent is valid, his later denial of validity breaches

10

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

norms of equitable dealing. And the original warranty need not be express . . . .

*Minerva Surgical, Inc. v. Hologic, Inc.*, 141 S. Ct. 2298, 2309-10 (2021).

   *Key Evidence in Opposition:*

- Evidence demonstrating that S4S is not James Klein, the assignor of the Klein Patents
- Evidence demonstrating that James Klein made no warranties, explicitly or implicitly, that the Klein Patents were valid
- Evidence demonstrating that when CEMCO took assignment of the Klein Patents, it knew (based upon its own successful arguments in litigation) that the Klein Patents were invalid (*e.g.* email from CEMCO's own counsel, Joseph Trojan, noting that the presiding judge in that litigation recognized the invalidity of those patents)
- Evidence regarding CEMCO's employee-expert's knowledge of the invalidity of the Klein Patents

**C. Summary of S4S's Defenses to CEMCO's Claims**

   In opposition to CEMCO's claims for patent infringement, S4S has asserted and intends to pursue the following Affirmative Defenses (ECF No. 51):

- *First Affirmative Defense - Judicial Estoppel:* As noted above, S4S contends that CEMCO is estopped from asserting that the Klein Patents are valid, which is a necessary prerequisite for CEMCO's claim for patent infringement. *See Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 648, 135 S. Ct. 1920, 1931, 191 L. Ed. 2d 883 (2015) ("only valid patents can be infringed").

- *Second Affirmative Defense - Failure to Join Indispensable Party/No Real Party in Interest:* As noted above, S4S contends that CEMCO cannot maintain its claim for lost profit damages against S4S, as CEMCO is not the real party in interest for any such claim. *See Hebert*, 99 F.3d at 1119 ("When the patentee does not seek to make and sell the invention, lost profits are not an appropriate measure of

11

1   damages."); *see also, CopyTele, Inc. v. E Ink Holdings, Inc*., 962 F. Supp. 2d 1130,

2   1137-1144 (N.D. Cal. 2013) (granting motion to dismiss patent infringement action

3   filed by patent owner for lack of standing because patent owner had granted all

4   substantial rights in the patent to its exclusive licensee, thus depriving the patent

5   owner of standing).

6   • *Third Affirmative Defense - Lack of Standing:* As above, S4S contends that

7   CEMCO does not have standing to sue for lost profits, ███████████████████

8   ███████████████████████████████████████████████████████████████████ .

9   *See Hebert v. Lisle Corp.*, 99 F.3d 1109, 1119 (Fed. Cir. 1996) ("When the patentee

10  does not seek to make and sell the invention, lost profits are not an appropriate

11  measure of damages."); *see also, CopyTele, Inc.*, 962 F. Supp. 2d 1130 (granting

12  motion to dismiss patent infringement action filed by patent owner for lack of

13  standing because patent owner had granted all substantial rights in the patent to its

14  exclusive licensee, thus depriving the patent owner of standing).

15  • *Fourth Affirmative Defense - Unclean Hands:* S4S contends that CEMCO is

16  barred from pursuing its claims for patent infringement based upon the doctrine of

17  unclean hands. *See Therasense, Inc.*, 649 F.3d at 1287 ("As the inequitable conduct

18  doctrine evolved from these unclean hands cases, it came to embrace a broader scope

19  of misconduct, including not only egregious affirmative acts of misconduct intended

20  to deceive both the PTO and the courts but also the mere nondisclosure of information

21  to the PTO. Inequitable conduct also diverged from the doctrine of unclean hands by

22  adopting a different and more potent remedy—unenforceability of the entire patent

23  rather than mere dismissal of the instant suit.") Thus, in addition to S4S's

24  unenforceability arguments based upon CEMCO's inequitable conduct, S4S argues

25  that the doctrine of unclean hands mandates dismissal of CEMCO's patent

26  infringement claims. In addition to the facts applicable to CEMCO's inequitable

27  conduct regarding the prosecution of the '389 Patent, CEMCO has engaged in a

28  pattern of misconduct intended to deceive the Court by asserting infringement of the

Klein Patents, despite knowing and having previously argued that the Klein Patents are invalid and unenforceable.

- *Fifth Affirmative Defense - Barred by Contract:* As noted above, S4S contends that CEMCO's claim for damages against S4S is barred ███████████ ██████████████. CEMCO is not the real party in interest for any claim for lost profits. *See Hebert v. Lisle Corp.*, 99 F.3d 1109, 1119 (Fed. Cir. 1996) ("When the patentee does not seek to make and sell the invention, lost profits are not an appropriate measure of damages.").

- *Sixth Affirmative Defense - Invalidity/Unenforceability:* These affirmative defenses mirror S4S's claims for declaratory relief addressing the same issues.

- *Tenth Affirmative Defense - Damages Uncertain:* As above, S4S contends that CEMCO has failed to meet its burden of production on its damages claim pursuant to Fed. R. Civ. P. 26(a), and has further failed to properly disclose any expert report and/or calculation regarding its alleged damages pursuant to Fed. R. Civ. P. 26(a)(2).

- *Eleventh Affirmative Defense - Patent Misuse:* "The key inquiry of patent misuse is whether, by asserting a patent, the patentee has: (1) impermissibly broadened the physical or temporal scope of the patent grant, and (2) by so doing has caused an anticompetitive effect." *U.S. Philips Corp. v. Int'l Trade Comm'n*, 424 F.3d 1179, 1184 (Fed.Cir.2005). S4S contends that CEMCO has attempted to impermissibly broaden the physical scope of each of the Patents-in-Suit, as none of them teach the "stacked" configuration of foam and intumescent that is practiced by the accused products.

- *Twelfth Affirmative Defense - 35 U.S.C. §§ 101, 102, 103, and 112:* As set forth hereinabove, S4S contends that each of the Patents-in-Suit fail to meet the written description requirement of 35 U.S.C. § 112 insofar as they are alleged herein to teach a "stacked" configuration of a foam material portion and an intumescent strip portion.

- *Fourteenth Affirmative Defense - 35 U.S.C. § 288:* "Whenever a claim of a patent is invalid, an action may be maintained for the infringement of a claim of the patent which may be valid. The patentee shall recover no costs unless a disclaimer of the invalid claim has been entered at the Patent and Trademark Office before the commencement of the suit." S4S contends that CEMCO is not entitled to recover any costs in this action, as it has successfully argued in prior litigation that the Klein Patents are invalid but has failed to enter a disclaimer of such invalidity with the Patent and Trademark Office.

- *Fifteenth Affirmative Defense – Inequitable Conduct:* This Affirmative Defense mirrors the basis for S4S's claim for unenforceability of the '389 Patent.

**D. Identification of Anticipated Evidentiary Issues**

Anticipated evidentiary issues in this case are largely addressed by S4S's Motions in Limine, filed herewith and incorporated herein by this reference. Primarily, the parties appear to be poised to try two very different cases based on substantially different evidence. S4S intends to try the validity and infringement issues by comparing the Patents-in-Suit and the accused products, and by addressing the invalidity contentions based upon the prior art references that were first raised by CEMCO in earlier litigation. CEMCO, on the other had, appears intent to avoid the language of the Patents-in-Suit, instead attempting to argue its infringement case by comparing S4S's FRG products with the Safti-Strip products previously manufactured by James Klein and his now-defunct companies, and further attempting to import prior judicial rulings from past litigation between it and Mr. Klein (which this Court has previously declined to do on numerous occasions). Thus, S4S anticipates that it will be objecting on a regular basis to any effort by CEMCO to influence the jury with past rulings from unrelated litigation.

**E. Identification of Issues of Law**

The issues of law that will be at issue in the trial of this matter are those that have been identified in this Memorandum, as well as in the parties' competing

14

Case 2:20-cv-10409-MCS-JEM   Document 125   Filed 03/28/22   Page 19 of 21   Page ID
#:8359
Case 2:20-cv-10409-MCS-JEM   Document 119-1   Filed 03/28/22   Page 20 of 22   Page ID
#:8005

1  Motions in Limine. The Court will ultimately need to determine whether either party

2  is estopped from making certain arguments, under either a theory of judicial estoppel

3  or assignor estoppel.

4      As the Court has already recognized in its Order on the parties' competing

5  Motions for Summary Judgment (ECF No. 109), the doctrine of assignor estoppel

6  was recently revisited by the United States Supreme Court in *Minerva Surgical, Inc.*,

7  141 S.Ct. 2298. The Supreme Court "used *Minerva* as an opportunity to caution

8  courts to 'recognize the doctrine's proper limits,'" (ECF No. 109, p. 8 (citing

9  *Minerva*, 141 S.Ct. at 2304, 2307)), such that the doctrine should apply "only when

10  an inventor says one thing (explicitly or implicitly) in assigning a patent and the

11  opposite in litigating against the patent's [new] owner." *Id*. Here, as the Court

12  correctly recognized in its summary judgment order, "[i]f . . . everyone including the

13  presiding [Judge Pregerson] had come to conclude the patents were invalid, Klein

14  could not have provided a warranty of validity." (ECF No. 109, p. 12.) CEMCO will

15  be unable to present any information at trial, as none exists, that alters or contradicts

16  the information placed before the Court on summary judgment (if such evidence did

17  exist, surely CEMCO would have put it before the Court either in support of its

18  assignor estoppel argument on summary judgment or is opposition to S4S' motion).

19      Additionally, S4S anticipates that CEMCO may attempt to confuse the issues

20  in this litigation with argument and/or evidence regarding whether S4S has been

21  found, in the limited scope of contempt proceedings in the Washington litigation, to

22  be "legally identified" with James Klein and/or his prior company, Safti-Seal, Inc.

23  As the Court is well-aware, CEMCO has not asked this Court to determine that S4S

24  is legally identified with any other person or entity for purposes of this proceeding,

25  nor otherwise in privity with any other person or entity in any material way that

26  should affect the merits of this case.

27

28

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

## II.   BIFURCATION OF ISSUES

Neither party has heretofore requested to bifurcate the issues in this trial. However, S4S does anticipate that the breadth and complexity of the issues at trial are not capable of resolution in a 3-5 day trial, as is currently scheduled pursuant to the Court's April 14, 2021 Order Re: Jury Trial. (ECF No. 37.)

## III.   JURY TRIAL

This case involves interwoven issues of fact and law. Issues triable by the jury will be those involving the invalidity of the Patents-in-Suit and the alleged infringement of the Patents-in-Suit (including damages, depending on the outcome of S4S's Motion in Limine directed thereto), S4S's contention that CEMCO is guilty of inequitable conduct in the prosecution of the '389 Patent, and whether the written descriptions of the Patents-in-Suit read on the accused products according to the written description requirement of 35 U.S.C. § 112. *Purdue Pharma L.P. v. Faulding Inc.*, 230 F.3d 1320, 1329 (Fed. Cir. 2000) ("whether the written description requirement was satisfied is a question of fact").

Issues to be determined by the Court include the parties' competing contentions regarding judicial and assignor estoppel, and the question of whether CEMCO and/or Don Pilz (the named inventor on the '389 Patent) engaged in inequitable conduct during the prosecution of the '389 Patent. *Ulead Sys., Inc. v. Lex Computer & Mgmt. Corp.*, 351 F.3d 1139, 1146 (Fed. Cir. 2003) ("inequitable conduct is a matter for the court, rather than the jury to resolve").

## IV.   ATTORNEYS' FEES

S4S seeks an award of attorney fees in this action, pursuant to 35 U.S.C. § 285, on the basis that CEMCO has litigated this matter unreasonably in view of its prior, successful position that the Klein Patents are invalid, and further in view of its position that the Patents-in-Suit read on the accused products despite the fact that the written description of the Patents-in-Suit does not, in any instance, teach the inclusion of a foam material portion, either at all (Klein Patents), or in a "stacked"

16

configuration ('389 Patent). *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554, 134 S. Ct. 1749, 1756, 188 L. Ed. 2d 816 (2014) (holding that the definition of "exceptional case" under the Patent Act can include the "unreasonable manner in which the case was litigated.").

## V.     ABANDONMENT OF ISSUES

S4S understands that CEMCO has abandoned Count III of its First Amended Counterclaim (ECF No. 47), which alleged infringement of U.S. Patent No. 8,056,293. S4S is otherwise presently unaware of what other claims or issues CEMCO intends to abandon at trial.

S4S does not intend to pursue the following Affirmative Defenses (ECF No. 51):

- Seventh Affirmative Defense (offset)
- Ninth Affirmative Defense (failure to mitigate)
- Eleventh Affirmative Defense (with respect to laches, waiver, implied waiver, full compensation, first sale, patent exhaustion). As noted above, S4S intends to continue pursuing its Eleventh Affirmative Defense with respect to patent misuse.
- Thirteenth Affirmative Defense (adequate remedy at law)

Dated: March 28, 2022                    Respectfully submitted,


                                              /s/ Thomas J. Lloyd III
                                         Thomas J. Lloyd III
                                         Molly A. Hage
                                         ELAM & BURKE, P.A.

                                         Bassil A. Hamideh
                                         THE HAMIDEH FIRM, P.C.

                                         *Attorneys for Plaintiff,*
                                         *Seal4Safti, Inc.*

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW