R. Joseph Trojan CA Bar No. 137,067
trojan@trojanlawoffices.com
Dylan C. Dang CA Bar No. 223,455
dang@trojanlawoffices.com
Francis Wong CA Bar No. 284,946
wong@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA  90212
Telephone:   310-777-8399
Facsimile:   310-691-1086
Attorney for Defendant,
California Expanded Metal Products Co.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

Seal4Safti, Inc., a Washington corporation,

    Plaintiff,

California Expanded Metal Products Co., a California company,

    Defendant.

CASE NO. 2:20-cv-10409 −MCS−JEM

**DEFENDANT CEMCO'S OPPOSITION TO PLAINTIFF S4S'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT RE DAMAGES**

FPTC Date: April 18, 2022
Time:  2:00 p.m.
Trial Date: May 3, 2022
Place: Courtroom 7C

Honorable Mark C. Scarsi

TROJAN LAW OFFICES
Beverly Hills

1    Defendant California Expanded Metal Products Company ("CEMCO")
2    respectfully submits this opposition to Plaintiff Seal4Safti, Inc.'s ("S4S") **Motion *in***
3    ***Limine* No. 5**, which asks the Court to preclude CEMCO "from making argument or
4    introducing evidence, documentary or testimonial, regarding damages." (Dkt. 124 at
5    1:7-8.)

6    **I.    INTRODUCTION**

7    S4S's motion *in limine* to exclude evidence of CEMCO's damages is a rehash
8    of previous arguments it made on summary judgment, which the Court rejected.
9    (Dkt. 109.)   S4S's damages arguments were meritless then and they are meritless
10   now.

11   S4S argues that CEMCO's evidence of damages should be excluded because
12   CEMCO did not designate an expert to opine on damages.  (Dkt. 124 at 4:15-18.)
13   S4S cites no authority for the proposition that an expert is needed to prove damages.
14   To the contrary, an expert is not needed where there is sufficient evidence to support
15   damages.  *See, e.g.*, *Barber v. Ohana Mil. Communities, LLC*, No. CIV. 14-00217
16   HG-KSC, 2015 WL 4171984, at *8 (D. Haw. July 9, 2015) (noting "[t]he appeals
17   court explained that expert testimony is not required to calculate stigma damages and
18   that 'the best available evidence' is sufficient to send the issue to the jury").  Here,
19   CEMCO has abundant evidence to support damages.

20   Foremost, CEMCO will present licensing agreements for the Klein Patents.
21   (Dkt. 108-1 at 100-222.)   These licenses are especially probative, not only because
22   they involve the Klein Patents at issue in this case, they involve essentially the same
23   parties[1]  and essentially the same products[2].   S4S argues that "neither of these

---

[1] Judge Robart found in the Washington Case, S4S is legally identified with Safti-Seal based on clear and convincing evidence showing a "substantial continuity of identity" between the two companies.  (Dkt 58-3.)

[2] Judge Robart found that "FRG Strip when applied to the outer surface of the sidewall of U-shaped track is not more than colorably different from the Accused [Safti-Seal] Products as defined in the injunction."  (Dkt. 114-1 at 38:10-14.)

TROJAN LAW OFFICES
BEVERLY HILLS

licensing agreements are contemporaneous in time with the damages alleged in this case" (Dkt. 124 at 4:1-5), but such criticisms go to the weight of the evidence, not their admissibility.

In addition to the licenses, CEMCO will present evidence of sales of the FRG products (invoices and purchase orders) produced by S4S itself.  (Dkt. 118-1: Joint Exhibit List, Exs. 419-441.)  CEMCO will present testimony of its officers, who know the industry and who can testify as to the royalties that CEMCO received from a third-party named ClarkDietrich (CEMCO's exclusive licensee under the Klein Patents).  (Dkt. 132: CEMCO's Witness List.)  Given the sum of the evidence—especially the prior licenses involving the same patents, essentially the same parties and accused products—there is no need for an outside expert to "help the trier of fact to understand" the damages.  FRE 702.

S4S cannot seek to indiscriminately exclude the vast body of damages evidence, *e.g.*, the licensing agreements, the voluminous evidence of sales, and the testimony of CEMCO's witnesses, just because CEMCO elected to rely on its own witnesses instead of an outside expert.  If S4S wants to argue that the evidence is entitled to less weight without expert testimony, it is certainly free to do so.  But it cannot seek to exclude the evidence itself.  The motion *in limine* must be denied.

## II.   ARGUMENT

### A.   CEMCO Disclosed Its Theory of Damages

S4S argues that "CEMCO has failed to provide S4S with any computation or analysis of its alleged damages in this case…"  (Dkt. 124 at 10:15-16.)  This Court has already rejected that argument in denying S4S's motion for summary judgment, stating "[t]he Court summarily denies S4S's request for summary judgment on this ground because it is unfounded. CEMCO has made damages disclosures. See ECF

TROJAN LAW OFFICES
BEVERLY HILLS

-2-

No. 108-3 (Sealed Exhibits 1, 4, and 5 to Trojan Opp. Decl.)." (Dkt. 109 at 24:22-24.)

Indeed, CEMCO's theory of damages is no secret.  It is the same theory of damages that was thoroughly litigated in the Washington Case (of which S4S is now a party), and all the damages discovery in the Washington Case was produced to S4S here. (Trojan Decl., ¶ 10.)  In particular, CEMCO's theory of damages is plainly laid out in the expert report of Minh Doan, which was produced to S4S.  (Trojan Decl., ¶ 10.)  While CEMCO will *not* be relying on Ms. Doan's testimony, CEMCO will use the same theory of damages with CEMCO's own witnesses testifying as to damages based on their personal knowledge of the issues. Thus, S4S cannot feign ignorance of CEMCO's theory of damages.

S4S complains that "CEMCO has failed to properly disclose Mihn [sic] Doan as an expert" (Dkt. 124 at 7:8-9), but that misses the point as CEMCO is not relying on Ms. Doan's report at trial.  CEMCO will remove Ms. Doan's report from the trial exhibit list.  However, CEMCO will use the documents that were attached to Ms. Doan's report, which were produced to S4S and are proper evidence for trial. (Trojan Decl., ¶ 12.)  The documents to Ms. Doan's report include documents relevant to damages (e.g. licenses), for which foundation can be established by the witnesses at trial.  S4S does not and cannot challenge the foundation or relevance of these documents.

**B.    CEMCO Is Entitled to Damages Even Without an Expert Report Because It Can Present Evidence of Reasonable Royalty**

S4S argues that "[w]ithout an expert to analyze, evaluate, and interpret the damages claimed in this case, CEMCO will be unable to meet its burden of proof at trial." (Dkt. 124 at 4:15-17.)  S4S's argument is contrary to the case law on patent damages.

TROJAN LAW OFFICES
BEVERLY HILLS

As a threshold matter, "expert testimony is not always essential in assisting a jury in determining a plaintiff's damages." *Stunkard v. Maya*, No. 3:18-CV-00679-YY, 2020 WL 42788, at *3 (D. Or. Jan. 3, 2020); *see, e.g.*, "[L]ay persons may be able to determine 'past wage loss and medical expenses' without the assistance of an expert[.]" *Michaels v. Taco Bell Corp.*, No. 3:10-CV-1051-AC, 2013 WL 12318545, at *2 (D. Or. Apr. 19, 2013); *see also*, *Chaffey Joint Union High Sch. Dist. v. Fieldturf USA, Inc.*, No. EDCV1600204JGBDTBX, 2017 WL 3049567, at *2 (C.D. Cal. Mar. 10, 2017) (holding no expert testimony was essential to prove that turf fields were essentially valueless because they did not comport with the warranties made by defendants); *Tucker v. Wright Med. Tech., Inc.*, No. 11-CV-03086-YGR, 2013 WL 1149717, at *17 (N.D. Cal. Mar. 19, 2013) (holding that expert testimony was not necessary to determine damages for loss of consortium); *Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105, 1113 (9th Cir. 2012) (holding damages for trademark violation "demands neither empirical quantification nor expert testimony to support a monetary award of actual damages; many sources can provide the requisite information upon which a reasonable jury may calculate damages"); *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1348 (9th Cir. 1987) (holding "expert testimony is not required to prove what the plaintiff would receive in future earnings and raises").

**Even without an expert, CEMCO is entitled to a reasonable royalty.** In *Dow Chem. Co. v. Mee Indus., Inc.*, the Federal Circuit held that it was error to deny an award of damages because the patentee did not provide expert testimony on damages: "we hold that the district court erred in concluding that Dow did not carry its burden to establish damages because it failed to provide expert testimony on the damages issue." *Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1372 (Fed. Cir. 2003). The Federal Circuit explained that "[t]he statute [35 U.S.C. § 284] is unequivocal that the district court *must* award damages in an amount no less than a

TROJAN LAW OFFICES
BEVERLY HILLS

reasonable royalty." *Id*., 341 F.3d at 1381 (emphasis added).   Thus, the Federal Circuit went on to instruct:

> The district court's conclusion that no damages could be awarded, in light of the presumption of damages when infringement is proven, was in error . . . . Should Dow prove infringement of claims 23 and 24 the district court should consider the so-called *Georgia–Pacific* factors (*Ga.-Pac., Corp. v. United States Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D.N.Y.1970)) in detail, and award such reasonable royalties as the record evidence will support.

341 F.3d at 1382.

The holding in *Dow Chem. Co.* has been reaffirmed by the Federal Circuit even in circumstances where an expert report on damages is excluded. The Federal Circuit in *Info-Hold, Inc. v. Muzak LLC* teaches:

> [T]he exclusion of the patentee's damages evidence is not sufficient to justify granting summary judgment. As we made clear in *Dow Chemical Co. v. Mee Indus.*, Inc., 341 F.3d 1370, 1381 (Fed.Cir.2003), 35 U.S.C. § 284 requires the district court to award damages "in an amount no less than a reasonable royalty" even if the plaintiff's has no evidence to proffer. We explained that, in such a case, the district court should consider the *Georgia–Pacific* factors "in detail, and award such reasonable royalties as the record evidence will support." *Id*. at 1382 (footnote omitted).

*Info-Hold, Inc. v. Muzak LLC*, 783 F.3d 1365, 1372 (Fed. Cir. 2015).   The Federal Circuit clarified that "[t]here was other record evidence which the district court could use as a basis for determining a reasonable royalty, even after the exclusion of Mr. White's [expert] report and testimony." *Id*.

Here, the Court must award at least a reasonable royalty is found. As discussed above, there is abundant evidence for such an award.   S4S's attempt to avoid liability by excluding all evidence of CEMCO's damages fails under *Dow Chem. Co.*

TROJAN LAW OFFICES
BEVERLY HILLS

**C.      An Award of Reasonable Royalty Can be Based on the Evidence to be Presented at Trial**

As S4S admits, an award of reasonable royalties can be based on "the royalty rate agreed upon between CEMCO and ClarkDietrich." (Dkt. 124 at 11-14-16.) While S4S argues it "does not believe this royalty rate is necessarily reasonable" (Dkt. 124 at 11, fn. 5), CEMCO produced documents supporting the reasonableness of this royalty rate, including CDWA 005592-005668, which is the License and Commercialization Agreement between BlazeFrame and ClarkWestern Dietrich Building Systems, LLC, and CDWA 00008817-8860, which is the License agreement and royalty rate between ClarkDietrich and CEMCO with respect to Klein Patents (Dkt. 108-3). These documents were produced to S4S prior to the close of fact discovery on November 5, 2021 (Trojan Decl., ¶ 11-12.)

In particular, a portion of the license agreement between ClarkDietrich and CEMCO (CDWA_008557 at page 219/222 of Dkt. 108-3) provides the exact royalty rate that could be used to calculate lost profits based on S4S's sales or a reasonable royalty as discussed in Ms. Doan's report. S4S itself recognized that CEMCO relies on those license agreements for its damages analysis. Hence, S4S has no basis to move to exclude CEMCO's damages because as the Court has already recognized, CEMCO disclosed its basis for damages during discovery. The Court should deny this motion *in limine* accordingly.

**III.    CONCLUSION**

For the foregoing reasons, S4S's Motion *in Limine* No. 5 must be DENIED.

TROJAN LAW OFFICES
by

April 4, 2022                    /s/ R. Joseph Trojan
                                 R. Joseph Trojan

TROJAN LAW OFFICES
BEVERLY HILLS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROJAN LAW OFFICES
BEVERLY HILLS

Attorney for Defendant,
CALIFORNIA EXPANDED METAL
PRODUCTS COMPANY

-7-